UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

WARREN LEE WEISMAN,

Petitioner,

v.

SCOTT BESSENT, Secretary of the Treasury, UNITED STATES ARMY, FEDERAL RESERVE BANK, and DEPOSITORY TRUST AND CLEARING CORPORATION,

Respondents.

CASE NO. 2:26-cv-03235-JNW

ORDER SCREENING COMPLAINT UNDER 28 U.S.C. § 1915

Petitioner Warren Lee Weisman proceeds in forma pauperis ("IFP"), so the Court must review his petition for sufficiency under 28 U.S.C. § 1915(e)(2)(B). Dkt. No. 7 (Petition). Because the petition fails to state a claim upon which relief can be granted, the Court DISMISSES the complaint without prejudice and with leave to amend.

Section 1915 requires the Court to dismiss an IFP action if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C.

§ 1915(e)(2)(B). "The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (citing *Lopez v. Smith*, 203 F.3d 1122 (9th Cir. 2000)). Thus, to survive Section 1915 review, the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citation and quotation marks omitted). That standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Pro se pleadings, such as Weisman's petition, are liberally construed when evaluating their sufficiency. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (While *Twombly-Iqbal* imposed a "higher" plausibility standard, they did not alter courts' obligation to construe pro se complaints "liberally when evaluating them under *Iqbal*.").

Weisman petitions for a writ of mandamus under the federal mandamus statute, 28 U.S.C. § 1361, which provides, "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." "[M]andamus relief is available to compel an official of the United States to perform a duty owed to an individual only if (1) the individual's claim is clear and certain; (2) the official's duty is ministerial and so plainly prescribed as to be free

from doubt; and (3) no other adequate remedy is available." *Azurin v. Von Raab*, 803 F.2d 993, 995 (9th Cir. 1986) (citation modified).

Weisman's petition alleges no facts supporting any of these elements. Regarding the first element, Weisman asserts that "the Department failed to redeem U.S. Treasury savings bonds withheld from U.S. Army paychecks from the Petitioner's deceased father, Albert Otto Weisman, III, RLS (Registered Land Surveyor)." Dkt. No. 7 ¶ 2. But Weisman does not claim that any government official owes him any duty with respect to his father's bonds, much less a "clear and certain" one. *Azurin*, 803 F.2d at 995. This defect prevents Weisman from stating a viable claim and indicates Weisman does not have standing to pursue this claim. If the latter is true, the Court lack subject-matter jurisdiction over this case. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) ("Standing to sue is a doctrine rooted in the traditional understanding of a case or controversy," and "limits the category of litigants empowered to maintain a lawsuit in federal court to seek redress for a legal wrong.").

Second, Weisman fails to allege facts showing that the actions he seeks to compel are ministerial or plainly prescribed by law. "[M]atter[s] resting in the judgment and discretion of [executive] officers" are not ministerial. *Gaines v. Thompson*, 74 U.S. 347 348 (1686). While not all the requested relief is entirely clear, Weisman asks the Court to order Respondents to do things like set the price of gold at a certain rate and "reactivate the 1944 Bretton Woods Agreement erroneously abandoned in banking and finance by the 1971 Nixon shock." Dkt. No.

7 ¶ 4. None of these actions are ministerial or prescribed by law, so the Court lacks the power to compel them.

Lastly, Weisman's petition fails to allege facts showing that no other adequate remedy is available.

Because Weisman's petition fails to state a claim upon which relief can be granted, Section 1915 mandates dismissal.

Accordingly, the Court ORDERS:

1. The Court DISMISSES the petition without prejudice and with leave to amend.
2. Weisman must file an amended petition within FOURTEEN (14) days of this order that provides a short, plain, and concise statement of the factual basis for his claims as required by Fed. R. Civ. P. 8. The Court DIRECTS the Clerk to calendar this deadline.
3. The amended petition will operate as a complete substitute for Weisman's original petition . Thus, any amended petition must not cross-reference his previous petition, and must clearly identify the claims, the specific facts that support each claim, which allegations are relevant to which Respondents, when the alleged wrongdoing occurred, and the specific relief requested.

Dated this 30th day of September, 2026.

Jamal N. Whitehead
United States District Judge